# EXHIBIT A

 **REGISTERED AGENT**
S O L U T I O N S   I N C

**Registered Agent Solutions, Inc.**
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASi (7274)

# SERVICE OF PROCESS RECEIPT

1/28/2015

Lori Crable
**American Modern Home Insurance Company**
7000 Midland Blvd.
Amelia, OH 45102-2607 USA

**NOTICE OF CONFIDENTIALITY**
This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE:   American Modern Home Insurance Company**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.

**SERVICE INFORMATION**

| | |
|---|---|
| Service Date: | 1/28/2015 |
| Service Time: | 1:40 PM CST |
| Service Method: | Process Server |

**RASI REFERENCE INFORMATION**

| | |
|---|---|
| Service No.: | 0038861 |
| RASi Office: | Texas |
| Rec. Int. Id.: | BEF |

**CASE INFORMATION**

| | |
|---|---|
| Case Number: | 2014CVF002841 D4 |
| File Date: | 12/15/2014 |
| Jurisdiction: | 406TH DISTRICT COURT, WEBB COUNTY, TEXAS |
| Case Title: | MARIA SANTOS VS. AMERICAN MODERN HOME INSURANCE COMPANY |

**ANSWER / APPEARANCE INFORMATION**

03/03/2015          *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**

| | |
|---|---|
| Firm/Issuing Agent: | ARGUELLO, HOPE & ASSOCIATES, P.L.L.C. |
| Attorney/Contact: | ANDRES A. ARGUELLO |
| Location: | Texas |
| Telephone No.: | 281-532-5529 |

**DOCUMENT(S) RECEIVED & ATTACHED**

Petition: PLAINTIFF'S ORIGINAL PETITION
OtherDetail: CITATION

**ADDITIONAL NOTES**

Questions or Comments... Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process per your default account instructions. RASi offers several methods of notification including Telephone Notification, Email Notification, Online Insta-SOP Delivery, and FedEx/US Postal Service Delivery. If you would like to update your account's default notification methods or view Service of Process information, log into your online account at www.rasi.com.

*Thank you for your continued business!*

"SERVE"

2014CVF002841 D4

## CITATION

THE STATE OF TEXAS

COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.
IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO
ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION
OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT
JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  AMERICAN MODERN HOME INSURANCE COMPANY
     BY SERVING ITS REGISTERED AGENT:
     REGISTERED AGENT SOLUTIONS INC.,
     1701 DIRECTORS BLVD, SUITE 300
     AUSTIN,  TX 78744-1044

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY
COMMANDED TO APPEAR BEFORE THE 406TH DISTRICT COURT of Webb County, Texas,
to be held at the said courthouse of said county in the city of Laredo, Webb
County, Texas, by filing a written answer to the Petition of Plaintiff at or
before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days
after the date of service thereof, a copy of which accompanies this citation,
in the Cause #: 2014CVF002841 D4 , styled:
     MARIA SANTOS, PLAINTIFF
     VS.
     AMERICAN MODERN HOME INSURANCE COMPANY, DEFENDANT
Said Plaintiff's Petition was filed on 12/15/2014 in said court by:
     ANDRES ARGUELLO, ATTORNEY FOR PLAINTIFF
     1110 NASA PKWY STE 620
     HOUSTON,  TX 77058

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued
and given under my hand and seal of said court at office, this 17 day
of December, 2014.

C    L    E    R    K    O    F    C    O    U    R    T

CALENDAR CALL SET FOR                ESTHER DEGOLLADO
03/03/2015 AT 2:00P.M.               WEBB COUNTY DISTRICT CLERK
                                     P.O. BOX 667
                                     LAREDO, TX 78042

                          BY: _____  DEPUTY
                              HERLINDA TORRES

2014CVF002841 D4

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 2014 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2014, by delivering to the within
named **AMERICAN MODERN HOME INSURANCE COMPANY,** each, in person, a true
copy of this citation together with the accompanying copy of the
petition, having first attached such copy of such petition to such
copy of citation and endorsed on such copy of citation the date of
delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.


_____

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                              DEPUTY


**THE STATE OF TEXAS }**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____
                              NOTARY PUBLIC
MY COMMISSION EXPIRES _____

Filed
12/15/2014 3:18:00 PM
Esther Degollado
District Clerk
Webb District
2014CVF002841D4

CAUSE NO. _____

| | | |
|---|---|---|
| **MARIA SANTOS,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **WEBB COUNTY, TEXAS,** |
| | § | |
| **AMERICAN MODERN HOME** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | **\_\_\_\_\_ TH JUDICIAL DISTRICT** |
| **Defendant.** | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Maria Santos, ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of American Modern Home Insurance Company ("American Modern"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend for discovery to be conducted under Level 2 the Texas Rules of Civil Procedure and request the Court enter a Level 2 Discovery Plan.

### PARTIES

2.  Plaintiff Maria Santos is an individual residing in Webb County, Texas.

3.  Defendant American Modern is a foreign insurance company engaged in the business of insurance in Texas, with its principal office located, upon information and belief, in 7000 Midland Blvd., Amelia, Ohio 45102. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant. Defendant may be served via its Registered Agent for

Service, Registered Agent Solutions Inc., at 1701 Directors Blvd. Suite 300, Austin, Texas, 78744-1044.

## JURISDICTION

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend her petition during and/or after the discovery process.

5.      The Court has jurisdiction over Defendant American Modern because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

6.      Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.      Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by American Modern.

8.      Plaintiff owns the insured property, which is specifically located at 1907 Lemonwood Drive, Laredo, Texas, in Webb County (hereinafter referred to as "the Property").

9.      American Modern sold the Policy insuring the Property to Plaintiff.

10.     On or about May 9, 2014, a hail storm and/or windstorm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence ("the Storm").  Specifically, Plaintiff's roof and roofing components, including but not limited to the ridge cap, valley metal, flashing, furnace vent and drip edge, sustained extensive

damage during the storm. Further, the living room walls and ceiling suffered extensive water damage. Plaintiff's home also sustained exterior damage during the storm, including but not limited to damage to trim board, soffits, soffit vents, fascia, stucco, stucco siding, exterior doors, porch ceiling, air conditioning units, garage door, porch security grill, aluminum window, door threshhold, glazing bead, fencing and wood shed. Plaintiff filed a claim, in accordance with the terms of the Policy, with their insurance company, American Modern, for the damages to her home caused by the Storm.

11.     Plaintiff submitted a claim to American Modern against the Policy as referenced in paragraph 7 above, for Roof Damage, Internal and External Damage that the Property sustained as a result of the hail storm and/or windstorm.

12.     Plaintiff asked that American Modern cover the cost of repairs made necessary by the damage to the Property referenced in paragraph 10, pursuant to the Policy.

13.     Defendant American Modern assigned an unknown adjuster to adjust the claim. This adjuster was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's claim. Specifically, this adjuster conducted a substandard inspection of Plaintiff's property. The inadequacy of this adjuster's inspection is evidenced by his or her report, which failed to include any of Plaintiff's property damage from the May 9, 2014, wind and hail storm. Ultimately, this estimate did not allow any policy benefits to cover the cost of repairs for the damages sustained. This inadequate investigation was relied upon by American Modern in this action and resulted in Plaintiff's claim being improperly denied.

14.     Defendant American Modern failed to adequately train and supervise this adjuster resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, American Modern failed to thoroughly review and properly oversee the work of this adjuster, ultimately

approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff's claims were improperly denied causing her to suffer damages.

15.     American Modern misrepresented to Plaintiff that her covered hail storm and/or windstorm damages were not covered by the policy. Defendant American Modern failed to provide full coverage for the damages sustained by Plaintiff and improperly denied Plaintiff's claim. As a result of Defendant's unreasonable investigation, Plaintiff's claim was improperly adjusted and denied. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair their Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment she is entitled to under the Policy.

16.     As detailed in the paragraphs below, American Modern wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.     To date, American Modern continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her home.

18.     Defendant American Modern failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay any proceeds due under the Policy, although due demand was made for said proceeds to be paid in an amount sufficient to cover the damaged property. American Modern's conduct constitutes a breach of the insurance contract between American Modern and Plaintiff.

19.     American Modern, misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. American

Modern's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.    American Modern failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. American Modern's, conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.    American Modern failed to explain to Plaintiff the reasons for its denial of Plaintiff's claim. Specifically, American Modern failed to offer Plaintiff any compensation, without adequate explanation why payment was not being made. Furthermore, American Modern did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The Conduct of American Modern, is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

22.    Defendants American Modern failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from American Modern. The conduct of American Modern constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

23.    American Modern refused to compensate Plaintiff, under the terms of the Policy, even though American Modern failed to conduct a reasonable investigation. Specifically, American Modern performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct of

American Modern constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

24.     Defendant American Modern failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. American Modern's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

25.     Defendant American Modern failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. American Modern's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26.     Defendant American Modern failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. American Modern's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant American Modern, the liability of American Modern to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, American Modern has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to

deny the full payment. American Modern's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     American Modern knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of American Modern's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

### CAUSES OF ACTION:

30.     Defendant American Modern is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

31.     Defendant American Modern's conduct constitutes a breach of the insurance contract made between American Modern and Plaintiff.

32.     Defendant American Modern's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of American Modern's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

33.     Defendant American Modern's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

Page 7

34.     Defendant American Modern's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35.     Defendant American Modern's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though American Modern's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36.     Defendant American Modern's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(3).

37.     Defendant American Modern's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38.     Defendant American Modern's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

39.     Defendant American Modern's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

40.     Defendant American Modern's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

41.     Defendant American Modern's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

42.     Defendant American Modern's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

43.     As referenced and described above, and further conduct throughout this litigation and lawsuit, the unknown adjuster who adjusted Plaintiff's claim  is an agent of American Modern based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

44.     Separately, and/or in the alternative, as referenced and described above, American Modern ratified the actions and conduct of this adjuster including the completion of their duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOF FAITH AND FAIR DEALING

45.　Defendant American Modern's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

46.　"Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiff's (the policyholders) and American Modern's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that American Modern, like other insurers, controls entirely the evaluation, processing and denial of claims.

47.　At the time of the inspection and/or investigation, upon which American Modern relied entirely for its investigation, evaluation, and settling of Plaintiff's claim, the unknown adjuster tried to wrongfully minimize Plaintiff's losses. By not accounting for the covered damages, this adjuster, and American Modern did not inspect and evaluate Plaintiff's home as if it were their own home. American Modern's investigation and evaluation was not reasonable, thus, American Modern lacked a reasonable basis for denying payment for Plaintiff's covered damages. American Modern's overall conduct in handling Plaintiff's claim was not reasonable.

48.　Defendant American Modern's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, American Modern knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

49.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

50.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

51.     As previously mentioned, the damages caused by the May 9, 2014, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants American Modern's mishandling of Plaintiff's claim in violation of the laws set forth above.

52.     For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

53.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages.  TEX. INS. CODE §541.152.

54.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

55.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

56.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**CONDITIONS PRECEDENT**

57.     All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

**REQUEST FOR DISCLOSURE**

58.     Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendant American Modern disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court

on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show herself justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

By: */s/ Andres A. Arguello*

Andres A. Arguello
State Bar of Texas Number: 24089970
1110 Nasa Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281)402-3534
*ATTORNEY FOR PLAINTIFF*
*MARIA SANTOS*

Page 13



# Oscar J. Hale, Jr.

State District Judge
406TH Judicial District Court
1110 Victoria St., Suite 402
Laredo, Texas 78040
406@webbcountvtx.gov

TELEPHONE NO. (956) 523-4954
FAX NO. (956) 523-5074

December 17, 2014

CAUSE NO.:     2014CVF002841 D4

STYLE:     MARIA SANTOS

VS

AMERICAN MODERN HOME INSURANCE COMPANY

Please take NOTICE that this case is set for **CALENDAR CALL** on ___03/03/2015___ at 2:00 PM at the 406th District Court, 4th Floor, Webb County Justice Center.

All Calendar Call hearings will be in open court and on the record before the Honorable Judge Oscar J. Hale, Jr. Your presence is MANDATORY unless Counsel for Plaintiff(s) and Defendant(s) file a Joint Pre-Trial Guideline Order (PTGO) with all counsel signatures on the PTGO.

You may download the PTGO at our website: www.Webbcountytx.gov/DC406th/Forms

Counsel for Plaintiff(s) please note that if you fail to appear your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you fail to appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Cruz Maldonado
Civil Court Coordinator

DC

Filed
2/20/2015 10:40:55 AM
Esther Degollado
District Clerk
Webb District
2014CVF002841D4

CAUSE NO. 2014CVF002841 D4

| | | |
|---|---|---|
| MARIA SANTOS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | WEBB COUNTY, TEXAS |
| | § | |
| AMERICAN MODERN HOME | § | |
| INSURANCE COMPANY | § | 406TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant AMERICAN MODERN HOME INSURANCE COMPANY, and in answer to Plaintiff's Original Petition, make and file this Defendant's Original Answer, respectfully showing unto the Court the following:

I.

At this time, Defendant asserts a General Denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that the Court and Jury require the Plaintiff to prove Plaintiff's claims, charges and allegations by a preponderance of the evidence as required by the Constitution and Laws of the State of Texas.

II.

Pleading further, Defendant says that, at all times material to this lawsuit, it acted reasonably and in good faith with respect to the insurance claim in question in accordance with the terms and provisions of the subject policy and the coverage afforded thereby.

3393600 v1 (21674.00362.000)

III.

Pleading further, and with respect to the Plaintiff's claims brought pursuant to the Texas Insurance Code, Defendant says that the Plaintiff has failed to give proper written notice of its intent to pursue these claims as required under the provisions of the Texas Insurance Code. By reason thereof, Defendant says that the Plaintiff's claims herein should be barred and/or abated unless and until proper written notice has been provided as required under law.

IV.

Pleading further, and in the alternative, Defendant says that the discovery in this case may show that the Plaintiff failed to mitigate her damages herein as required under applicable law and, therefore, any such claims or causes of action are barred to that extent.

V.

Pleading further, and with respect to the Plaintiff's claims seeking punitive or exemplary damages herein, Defendant would show that such damages are inappropriate and impermissible under law due to the following:

1.  That punitive or exemplary damages are criminal, or quasi-criminal in nature, and the Plaintiff should be required to prove the basis of such damages beyond a reasonable doubt and the failure to require the same is a denial of due process under law and a denial of equal protection of the law as prescribed under the United States Constitution and the Constitution of the State of Texas.

2.  An award of punitive or exemplary damages would constitute a taking of property without due process of law as guaranteed by the United States Constitution and the Constitution of the State of Texas.

3.  It is a denial of due process of law and of equal protection of the law under the United States Constitution and the Constitution of the State of Texas to permit a corporation to be vicariously liable for punitive or exemplary damages which were awarded on the basis of alleged acts or omissions of employees, agents or representatives of the corporation under the doctrine of Respondeat Superior or any other vicarious liability doctrine.

4.     Punitive and/or exemplary damages provide unjust enrichment by reason of the
unconstitutional taking of property without due process as provided under the United
States Constitution and the Constitution of the State of Texas.

5.     Under Texas law, the measure of damages for punitive and exemplary damages is so
vague and ambiguous that both on its fact and in application, it denies Defendant's
due process of law and equal protection of the law as provided under the United
States Constitution and the Constitution of the State of Texas.

6.     Under Texas law, the measure of damages for punitive and exemplary damages is so
vague and ambiguous that it prevents courts and juries from consistently applying
the law and further prevents effective judicial review of such punitive damage
awards.

7.     Under Texas law, the measure of damages for punitive and exemplary damages is so
vague and ambiguous that the basis of such damages cannot be clearly and readily
identified in advance so as to guide the behavior of individuals and their actions,
thus constituting an ex-post facto law specifically prohibited by the United States
Constitution and the Constitution of the State of Texas.

8.     An award of punitive and exemplary damages would violate the excessive fines
clause of the Eight Amendment as applied to the Fourteenth Amendment of the
United States Constitution.

VI.

Pleading further, Defendant specifically denies any claim or assertion by Plaintiff that it

has complied with all conditions precedent to the prosecution of this action and/or that all

conditions precedent to the prosecution have been met and/or complied with.

VII.

Pleading further, Defendant asserts the limitations and/or cap on the recovery of punitive

damages as set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

VIII.

Pleading further, Defendant says that the discovery in this case indicates that some of the

damages and/or losses claimed by the Plaintiff herein are specifically limited or excluded by

virtue of the terms, conditions and provisions of the subject insuring agreement, including specific exclusions and endorsements set forth in the subject policy.   By reason thereof, Defendant hereby asserts the language and provisions set forth in the subject policy.

IX.

Pleading further, Defendant says that the discovery in this case may show that some or all of the damages complained of herein were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, responsibility or other conduct on the part of the Plaintiff, third parties, settling persons and/or responsible third-parties for whom this Defendant is not legally responsible.   By reason thereof, Defendant says that its legal liability herein, if any, is as prescribed under the provisions of the Texas Civil Practice & Remedies Code, §33.001 et seq. and as otherwise provided under applicable law.

X.

Pleading further, Defendant asserts the defenses of offset, credit and payment as provided under Texas law.

XI.

Pleading further, Defendant asserts that Plaintiff's claims and causes of action are barred, in whole or in part, by the con-tort doctrine and the economic loss rule under Texas law.

XII.

Defendant respectfully demands a trial by jury on all contested issues of fact.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing by Plaintiff's suit against your said Defendant, that Defendant be discharged with its

costs and attorney's fees and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

KANE RUSSELL COLEMAN & LOGAN PC

By: _Chris C. Pappas_

    Chris C. Pappas
    State Bar No. 15454300
    *cpappas@krcl.com*
    Darrell R. Greer
    State Bar No. 08413500
    *dgreer@krcl.com*
    919 Milam Street, Suite 2200
    Houston, Texas 77002
    Telephone: (713) 425-7400
    Facsimile: (713) 425-7700

ATTORNEYS FOR DEFENDANT AMERICAN MODERN HOME INSURANCE COMPANY

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all known counsel by first class mail, telecopy, hand delivery and/or certified mail, return receipt requested on this the _20th_ day of February, 2015:

Andres A. Arguello
Arguello, Hope & Associates, PLLC
1110 Nasa Parkway, Suite 620
Houston, Texas 77058

_Chris C. Pappas_

Chris C. Pappas

3393600 v1 (21674.00362.000)

CAUSE NO. 2014CVF002841 D4

| | | |
|---|---|---|
| MARIA SANTOS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | WEBB COUNTY, TEXAS |
| | § | |
| AMERICAN MODERN HOME | § | |
| INSURANCE COMPANY | § | 406TH JUDICIAL DISTRICT |

## JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AMERICAN MODERN INSURANCE COMPANY, named Defendant

herein, and makes and files this Jury Demand, and would respectfully request a trial before a

jury, pursuant to Rule 216 of the Texas Rules of Civil Procedure.

Respectfully submitted,

KANE RUSSELL COLEMAN & LOGAN PC

By: _____

Chris C. Pappas
State Bar No. 15454300
cpappas@krcl.com
Darrell R. Greer
State Bar No. 08413500
dgreer@krcl.com
919 Milam Street, Suite 2200
Houston, Texas 77002
Telephone: (713) 425-7400
Facsimile: (713) 425-7700

ATTORNEYS FOR DEFENDANT AMERICAN MODERN
HOME INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all known counsel by first class mail, telecopy, hand delivery and/or certified mail, return receipt requested on this the _____ 20th _____ day of February, 2015:

Andres A. Arguello
Arguello, Hope & Associates, PLLC
1110 Nasa Parkway, Suite 620
Houston, Texas 77058

Chris C. Pappas

3393600 v1 (21674.00362.000)

CIVIL CASE DOCKETS

Webb County Courts - Live                                              PAGE    1
DATE   2/23/15                                                         MV0260
TIME   17:04:03                                                        DC406CM


================================================================================
CASE NUMBER . . . . : 2014CVF002841 D4   CASE TYPE : F08  INSURANCE
PLAINTIFF . . . . . : SANTOS,MARIA,,
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFFS ATTORNEY : ARGUELLO,ANDRES,,                PHONE NUMBER: 000-000-0000
ADDRESS . . . . . . : 1110 NASA PKWY STE 620
                      HOUSTON                   TX   77058

    VS.

DEFENDANT NAME  . . : AMERICAN MODERN HOME INSURANCE COMPANY,,,
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . : 1701 DIRECTORS BLVD SUITE 300
                      AUSTIN                    TX   78744
DRIVERS LICENSE # . :
CASE STATUS . . . . : Active        STATUS DATE . . . : 12/15/2014
CASE DISPOSITION  . :              DISPOSITION DATE  :

DEFENDANTS ATTORNEY : PAPPAS,CHRIS,C,                  PHONE NUMBER: 000-000-0000
ADDRESS . . . . . . : ONER  SUITE 1200
                      HOUSTON                   TX   77056
COURT APPOINTED . . : NO           ATTORNEY PRESENT  :

ENTRY/FILING DATE . : 12/15/2014

JUDGE . . . . . . . : O.J.Hale
HEARING TYPE  . . . :
ADMIN. TERM. CODE . :              IND. TERM. CODE . :

COMPLAINT . . . . . : *IMG*CONTRACT
COMPLAINT DATE  . . : 12/15/2014   COMPLAINT AMOUNT  :
INTEREST DATE . . . :              INTEREST RATE . . :
REIMBURSE COSTS . . : NO
COUNTER CLAIM ORI#  :              COUNTER CLAIM CASE:
TRUSTEESHIP ORI#  . :              TRUSTEESHIP CASE  :
GARNISHMENT ORI#  . :              GARNISHMENT CASE  :


ACTIVITY DATE  ACTIVITY DESCRIPTION                              ACTIVITY TYPE
-------------  -------------------------------------------------- -------------
12/15/2014   Case Status                                        CaseStatus
    Case Status entered as ACTV.
    Case Status ACTV: Active
    For AMERICAN MODERN HOME INSURANCE COMPANY
          Complaint                                             Complaint
    *IMG*CONTRACT

12/17/2014   Court Case Assignment                              Case Assgn
    Court date/time: 3/03/2015  14:00    Hearing Type:  17 Clndr Call

CIVIL CASE DOCKETS

Webb County Courts - Live                                           PAGE      2
DATE   2/23/15                                                      MV0260
TIME   17:04:03                                                     DC406CM

========================================================================================

CASE NUMBER . . . . : 2014CVF002841 D4    CASE TYPE :  F08  INSURANCE
     Assignment of court date/time.
     Status entered as Open
          Notes                                                    Notes
     *IMG*CALENDAR CALL FAXED TO ATTORNEY ANDRES A. ARGUELLO AND ATTACHED
     COPY TO CITATIONS. (LT)
          Issuance                                                 Issuance
     *IMG*(2) CITATIONS ISSUED TO AMERICAN MODERN HOME INSURANCE COMPANY
     AND HELD BY CLERK, PENDING COPY OF PETITION TO RELEASE CITATIONS.
     (LT)

     ***CITATIONS RELEASE AND RETURNED TO ATTORNEY IN SELF-ADDRESSED;
     SELF-STAMPED ENVELOPE. 12/23/2014   (LT)

12/22/2014    Filing Papers                                        File Paprs
     *IMG* REQUEST COPIES OF ORIGINAL PETITION FROM KANE RUSSELL COLEMAN &
     LOGAN P.C.  COPIES MAILED BACK IN S.A.S.E. ON 12/22/14. (SL)

 2/04/2015    Returns                                              Returns
     *IMG* RETURN OF CITATION SHOWING SERVICE AS TO AMERICAN MODERN HOME
     INSURANCE COMPANY (D.O.S. 1/28/15). JB

 2/19/2015    Filing Papers                                        File Paprs
     *IMG* TELEFAX TRANSMITTAL SHEET (COPY OF CLERK'S DOCKET) FAXED BY
     COURT COORDINATOR TO ATTY RUSTY D. SEWELL          JLA

 2/20/2015    Answer                                               Answer
     *IMG* DEFENDANT'S ORIGINAL ANSWER E-FILED BY ATTY CHRIS C. PAPPAS
     JLA
          Jury Fee                                                 Jury Fee
     *IMG* JURY DEMAND E-FILED AND PAID BY ATTY CHRIS C. PAPPAS      JLA